UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
PILKINGTON NORTH AMERICA, INC., :
                                :
         Plaintiff,             :
                                :
    -against-                   :       No. 18 Civ. 8152 (JFK)
                                :          **ORDER**
MITSUI SUMITOMO INSURANCE CO.   :
OF AMERICA and AON RISK         :
SERVICES CENTRAL, INC.,         :
                                :
         Defendants.            :
------------------------------ X

**JOHN F. KEENAN, United States District Judge:**

On November 13, 2019, Defendant Mitsui Sumitomo Insurance Company of America ("MSI") filed a motion (ECF No. 69) for an order reconsidering the Court's October 30, 2019 Opinion & Order ("the October 30, 2019 Order") (ECF No. 64) which granted in part and denied in part MSI's motion to dismiss the Complaint. (ECF No. 23.)

MSI's motion for reconsideration is DENIED, without prejudice, as premature. First, MSI filed its motion for reconsideration without following the Court's Individual Rule of Practice 2.A which states:

> **Pre-Motion Conferences in Civil Cases.** For discovery motions, follow Local Civil Rule 37.2. <u>For motions other than discovery motions, a pre-motion conference with the court is required before making any motion</u>, except for motions in lieu of an answer, cross-motions, or motions for reargument. To arrange a pre-motion conference, the moving party shall submit a letter not to exceed three pages in length setting forth the basis for the anticipated motion.

1

Hon. John F. Keenan Individual Rules of Practice (Apr. 3, 2017), https://nysd.uscourts.gov/hon-john-f-keenan (emphasis added).

Second, the October 30, 2019 Order requires Plaintiff to replead its fraud-based claims with the particularity required under Federal Rule of Civil Procedure 9(b) by December 2, 2019. Accordingly, once Plaintiff has filed its amended complaint, MSI will have the opportunity to challenge the sufficiency of the amended complaint and, at that time, MSI may raise any objections to Plaintiff's claims for reformation of contract and breach of the implied covenant of good faith and fair dealing. If, after the Court has resolved MSI's objections to the amended complaint, MSI still wants to move for reconsideration or, alternatively, to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), MSI may move the Court for a conference to discuss such a motion at that time.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 69.

**SO ORDERED.**

Dated:  New York, New York
        November 15, 2019

John F. Keenan
United States District Judge