**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------- X
PILKINGTON NORTH AMERICA, INC.,   :
                                  :
          Plaintiff,              :
                                  :
   -against-                      :
                                  :
MITSUI SUMITOMO INSURANCE COMPANY :
OF AMERICA,                       :        No. 18 Civ. 8152 (JFK)
                                  :
          Defendant/              :        **OPINION & ORDER**
          Cross-claim Plaintiff/  :
          Cross-claim Defendant,  :
                                  :
     and                          :
                                  :
AON RISK SERVICES CENTRAL, INC.,  :
                                  :
          Defendant/              :
          Cross-claim Plaintiff/  :
          Cross-claim Defendant.  :
                                  :
---------------------------------- X

APPEARANCES

FOR PLAINTIFF PILKINGTON NORTH AMERICA, INC.:
    Seth A. Tucker, Jad H. Khazem, Bethany Theriot, Bruno
    Campos, Rachel Snidow, P. Benjamin Duke, COVINGTON &
    BURLING LLP

FOR DEFENDANT MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA:
    Brian E. O'Donnell, Maura C. Smith, Brooks H. Leonard,
    RIKER DANZIG SCHERER HYLAND & PERRETTI LLP

FOR DEFENDANT AON RISK SERVICES CENTRAL, INC.:
    Robert B. Ellis, Lauren Casazza, Rana B. Dawson, Michael S.
    Biehl, Kelsey E. Bleiweiss, KIRKLAND & ELLIS LLP

**JOHN F. KEENAN, United States District Judge**:

     Before the Court are (1) a motion by Defendant Aon Risk

Services Central, Inc. ("Aon" or "Aon-US") to dismiss cross-

claims brought by Defendant Mitsui Sumitomo Insurance Company of

1

America ("MSI" or "MSI-US") for breach of contract, breach of the implied covenant of good faith and fair dealing, contractual indemnification, negligent misrepresentation, and contribution; and (2) a cross-motion by MSI to compel arbitration of Aon's lone cross-claim against it for contribution. On June 1, 2020, and June 15, 2020, respectively, Aon and MSI filed answers to Plaintiff Pilkington North America Inc.'s ("Pilkington") amended complaint ("the AC") in which they asserted the instant cross-claims against each other. As discussed below, both motions turn on an arbitration clause in an agency agreement between Aon and MSI. Accordingly, both motions are GRANTED in part and DENIED in part, and the litigation of Aon's and MSI's cross-claims is STAYED to allow them to submit their dispute to arbitration in New Jersey, which is the appropriate venue pursuant to the parties' agency agreement.

**I.   Background**

The Court presumes familiarity with the allegations of this case as stated in the Court's October 30, 2019 and May 18, 2020 decisions resolving MSI's and Aon's motions to dismiss Pilkington's claims against them, Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am., 420 F. Supp. 3d 123, 130–33 (S.D.N.Y. 2019) ("Pilkington I"), and Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am., 460 F. Supp. 3d 481, 487–90 (S.D.N.Y. 2020) ("Pilkington II"), as well as the Court's

November 10, 2020 decision granting Pilkington's motion to dismiss MSI's counterclaims against it, <u>Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.</u>, No. 18 Civ. 8152 (JFK), 2020 WL 6585702, at *1–3 (S.D.N.Y. Nov. 10, 2020) ("<u>Pilkington III</u>").

### A. Overview and Procedural History

To briefly summarize, this action arises out of an approximately $60 to $100 million loss that Pilkington incurred when a tornado ("the Tornado") struck its glass manufacturing factory in Ottawa, Illinois on or around February 28, 2017. Pilkington seeks compensation for the loss pursuant to a commercial property and business interruption insurance policy ("the U.S. Local Policy") that was issued to Pilkington by MSI and brokered by Aon. Pilkington alleges that MSI is liable for fraudulently revising the U.S. Local Policy in effect for the 2015–2016 policy period by misrepresenting the changes MSI proposed to the policy by means of a revision ("the Endorsement"). Pilkington alleges that Aon is liable because Aon—to whom MSI proposed the changes—provided faulty advice to Pilkington while brokering the policy by failing to notify Pilkington that, in addition to changing certain currency valuations in the then-active U.S. Local Policy, the Endorsement also revised the wording of a sublimit applicable to certain types of windstorms. Aon failed to advise Pilkington that the Endorsement would substantially reduce coverage for windstorms

3

such as the Tornado and carelessly incorporated the same fraudulently revised terms into the following year's U.S. Local Policy, which was in effect when the Tornado struck.

Pilkington initiated this action on September 6, 2018. On December 2, 2019, Pilkington filed the AC which asserts five claims against MSI for reformation of contract, breach of contract, declaratory relief, breach of the implied duty of good faith and fair dealing, and equitable estoppel. The AC asserts four claims against Aon for breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty.[1]

### B. Aon's Answer and Cross-Claims

On June 1, 2020, Aon filed its answer to the AC ("Aon's Answer"). (ECF No. 109.) Aon's Answer denies that it owes anything to Pilkington and asserts that any improper reduction or shortfall in Pilkington's insurance coverage for the facility that was damaged by the Tornado is the result of wrongdoing by MSI. Aon's Answer asserts one cross-claim against MSI seeking contribution from it for any tort liability Aon may incur in connection with Pilkington's claims. (Aon's Cross-Cl. ¶¶ 23–26, ECF No. 109.) Aon alleges that MSI is responsible, in whole or

---

[1] The AC also asserted an intentional misrepresentation claim against Aon. On May 18, 2020, however, the Court granted Aon's motion to dismiss this claim with prejudice. See Pilkington II, 460 F. Supp. 3d at 500–02. The May 18, 2020 Opinion & Order denied, in its entirety, MSI's motion to dismiss all of Pilkington's claims against it. See id. at 492–500.

4

in part, for Pilkington's purported damages due to MSI's fraudulent conduct as outlined in the AC. (Id. ¶ 24.) The AC alleges that MSI, under the guise of making minor changes to monetary values in Pilkington's then-current U.S. Local Policy via the Endorsement, stealthily incorporated into the policy certain revisions to Pilkington's windstorm sublimit which MSI later invoked to deny Pilkington's claim for damages caused by the Tornado. (Id. ¶¶ 17, 22, 24.) Aon asserts that the AC makes plain that Pilkington claims in this action are the result of MSI's alleged misconduct in connection with the Endorsement. (Id. ¶ 18.) Accordingly, Aon alleges, to the extent it incurs tort liability to Pilkington in this case, Aon is entitled to contribution from MSI in an amount to be determined. (Id. ¶ 26.)

### C. MSI's Answer and Cross-Claims

On June 15, 2020, MSI filed an amended answer to the AC ("MSI's Answer"). (ECF No. 116.) MSI's Answer denies that it owes anything to Pilkington in excess of the $15 million MSI has already paid to satisfy its coverage obligations under the U.S. Local Policy. In addition to asserting counterclaims against Pilkington—which the Court recently dismissed, see Pilkington III, 2020 WL 6585702, at *6—MSI's Answer also asserts cross-claims against Aon for breach of contract, breach of the implied covenant of good faith and fair dealing, contractual

5

indemnification, negligent misrepresentation, and contribution. (MSI's Am. Countercls. & Cross-Cls. ¶¶ 91–124, ECF No. 116.)  As relevant here, MSI's Answer alleges the following additional facts in support of its cross-claims:

The U.S. Local Policy under which Pilkington seeks compensation for the Tornado was issued as part of a comprehensive global risk transfer program ("the Global Program"), which involved (1) Pilkington's parent company, Nippon Sheet Glass Co., Ltd. ("NSG", together with Pilkington and NSG's other subsidiaries, "the NSG Group"); (2) Aon's parent company, Aon UK Limited ("Aon-UK"); and (3) MSI's parent company, Mitsui Sumitomo Insurance Co. Ltd. ("MSIJ").  (Id. ¶¶ 3–4.)

The Global Program was developed and marketed by Aon-UK, and it consists of a series of interrelated contracts designed to enable the NSG Group to save money by self-insuring many of its business operations.  (Id. ¶¶ 3–4, 12–13, 39–45.)  At all relevant times, Aon-UK's affiliate, Aon-US (Aon), was the broker of record for Pilkington with regard to the U.S. Local Policies. (Id. ¶ 30.)  Although Aon acted as Pilkington's agent with respect to the negotiation and placement of the U.S. Local Policies, MSI alleges that, pursuant to an Agency Agreement dated June 1, 2005, between MSI and Aon ("the AA"), Aon also acted on behalf of MSI regarding certain aspects of the U.S.

6

Local Policies. (Id. ¶ 33.) MSI attached a copy of the AA to its amended answer. (Ex. 1 to MSI's Answer ("The AA"), ECF No. 116-1.)

Among other provisions, the AA provided that "[i]n the conduct of [MSI's and Aon's] business," the two would "deal with each other in good faith, with loyalty, and honesty, and in accordance with the provisions of [the AA] or any instructions [MSI] may give [Aon]." (MSI's Am. Countercls. & Cross-Cls. ¶ 35; The AA at 1.) MSI asserts that the AA also provided that Aon was responsible for following instructions or procedures that MSI established, including communicating notices affecting coverage to policyholders such as Pilkington. (MSI's Am. Countercls. & Cross-Cls. ¶ 36.)

The AA also contained an arbitration clause which provided that "any claim, dispute or controversy between [Aon] and [MSI] arising from or relating to this Agreement . . . or the relationships resulting from this Agreement . . ., including the validity, enforceability or scope of this Arbitration Provision [or] this Agreement . . . shall be resolved by arbitration . . . ." (The AA at 7-8.) The AA further provided that, "[t]he arbitration shall be held at Warren, New Jersey unless the parties mutually agree on another venue." (Id. at 8.) And the arbitration clause applied to "claims of every kind and nature, between [Aon] and [MSI]," including "counterclaims, cross-

7

claims, and third-party claims and claims based upon contract, tort, fraud and other intentional torts[.]" (Id. at 7–8.)

MSI alleges that Aon breached its contractual obligations and/or engaged in tortious conduct by, inter alia, repeatedly failing to convey or accurately characterize to Pilkington MSI's proposed changes in coverage via the Endorsement, despite multiple requests by MSI that Aon discuss the Endorsement with Pilkington; and Aon's wrongful application for insurance for the 2016–2017 U.S. Local Policy on behalf of Pilkington, which included the $15 million windstorm sublimit that Pilkington now claims it did not seek. (MSI's Am. Countercls. & Cross-Cls. ¶¶ 95, 100–01, 108–11, 116.) MSI asserts that if it is found liable for any amounts owed to Pilkington in excess of the $15 million MSI has already paid, MSI will have sustained damages as a result of Aon's misconduct, and MSI will be entitled to recover such damages from Aon. (Id. ¶¶ 97, 104, 112, 121, 124.)

## II. Aon's Motion to Dismiss

On October 23, 2020, Aon moved to dismiss MSI's cross-claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 160.) The Court heard the motion, along with MSI's cross-motion to compel arbitration, infra Section III, during a telephonic argument on December 15, 2020.

### A. Legal Standard and Arguments

A motion to dismiss a cross-claim is evaluated under the same standard as a motion to dismiss a complaint. See, e.g., Am. Med. Distributors v. Macdonald Tuskey, No. 16 Civ. 6016 (VSB), 2018 WL 1478301, at *2 (S.D.N.Y. Mar. 23, 2018). Accordingly, in deciding Aon's motion to dismiss MSI's cross-claims, the Court must accept as true all of MSI's factual assertions and must draw all reasonable inferences in MSI's favor. See Pilkington III, 2020 WL 6585702, at *3. In doing so, the Court "may . . . consider any 'documents attached to the complaint as an exhibit or incorporated in it by reference.'" Carlin v. Davidson Fink LLP, 852 F.3d 207, 212 (2d Cir. 2017) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

Aon argues that all five of MSI's cross-claims may be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted on two independent grounds: (1) the AA's arbitration clause requires MSI to submit its cross-claims to arbitration; and (2) MSI fails to plausibly allege certain elements of each cross-claim. MSI counters that both parties' cross-claims either must be both litigated or both stayed pending arbitration—i.e., that Aon cannot be allowed to on the one hand litigate its cross-claim against MSI—which does not, on its face, implicate the AA—but on the other hand obtain

dismissal or a stay of MSI's cross-claims against Aon—three of which directly cite the AA in support.

As discussed below, the Court finds that both parties' cross-claims are subject to arbitration. Accordingly, the Court need not decide whether MSI's cross-claims may be dismissed for failure to plausibly allege the elements of each claim.

### B. Whether Aon waived its right to invoke the arbitration clause

As an initial matter, MSI argues that Aon waived its right to invoke the arbitration clause because Aon has engaged in conduct inconsistent with exercising its contractual right to demand arbitration by seeking to apply the arbitration clause against MSI's cross-claims but avoiding its application to Aon's own cross-claim, which arises out of the same facts and circumstances. The Court disagrees.

Although parties to an arbitration agreement are permitted to waive their right to seek arbitration, "waiver of the right to arbitrate is not to be lightly inferred." Doe v. Trump Corp., 453 F. Supp. 3d 634, 639 (S.D.N.Y. 2020) (quoting Thyssen, Inc. v. Calypso Shipping Corp., S.A., 310 F.3d 102, 104–05 (2d Cir. 2002)). "Courts in this circuit consider three factors when determining whether a party has waived its right to arbitrate: '(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to

date, including motion practice and discovery; and (3) proof of prejudice.'" Id. at 643 (quoting La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc., 626 F.3d 156, 159 (2d Cir. 2010)).  Here, Aon has not waived its right to demand arbitration because (1) Aon has not yet answered MSI's cross-claim and, indeed, it invoked the arbitration clause at its earliest opportunity in moving to dismiss MSI's cross-claims, see Becker v. DPC Acquisition Corp., No. 00 Civ. 1035 (WK), 2002 WL 1144066, at *13 (S.D.N.Y. May 30, 2002) ("[T]he Second Circuit has specifically held that the earliest point at which a party may ordinarily waive its right to arbitration is when that party files an answer on the merits."); (2) contrary to MSI's assertions, Aon's cross-claim does not directly implicate the AA, which cuts against MSI's contention that Aon is attempting to inconsistently enforce the parties obligations pursuant to the AA; and (3) none of the La. Stadium factors, supra, support MSI's argument that a finding of waiver is appropriate. Accordingly, Aon may invoke the AA to demand that MSI submit its cross-claims to arbitration.

### C. Whether MSI's cross-claims should be dismissed or stayed

The Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("the FAA"), provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as

exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  "The FAA creates a 'body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" In re Am. Exp. Fin. Advisors Sec. Litig., 672 F.3d 113, 127 (2d Cir. 2011) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). "The FAA's primary purpose is to ensure that private agreements to arbitrate are enforced according to their terms." Id. (brackets omitted) (quoting Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford, Jr. Univ., 489 U.S. 468, 479 (1989)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id. at 128 (quoting Moses H. Cone, 460 U.S. at 24–25).  "In deciding whether claims are subject to arbitration, a court must consider (1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." Id.

Here, the parties do not dispute the existence or validity of the AA's arbitration clause, which requires that "any claim, dispute or controversy," "includ[ing] claims of every kind and nature" between Aon and MSI, "shall be resolved by arbitration." (The AA at 7–8.)  Therefore, MSI must submit its cross-claims against Aon to arbitration. See Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC, 967 F. Supp. 2d 756, 764

(S.D.N.Y. 2013) (finding arbitration appropriate "[w]hen the arbitration clause is broad enough that it includes disputes 'of any nature or character' or 'any and all disputes'"). The parties, however, disagree whether the Court should dismiss or stay MSI's cross-claims—Aon argues the former; MSI the latter.

In the Second Circuit, the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay requested." Katz v. Cellco P'ship, 794 F.3d 341, 343 (2d Cir. 2015) (holding the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested); see also Dylan 140 LLC v. Figueroa as Tr. of Bldg. Serv. 32BJ Health Fund, --- F.3d ---, No. 20-461-CV, 2020 WL 7251003, at *5 n.2 (2d Cir. Dec. 10, 2020) ("[W]e traditionally counsel that courts should stay litigation pending arbitration to avoid 'convert[ing] an otherwise-unappealable interlocutory stay order into an appealable final dismissal order,' thus 'enabl[ing] parties to proceed to arbitration directly[.]'") (quoting Katz, 794 F.3d at 345, 346).

MSI has requested a stay rather than dismissal of its cross-claims, all of which are subject to the broad language of the AA's arbitration clause. Accordingly, Aon's motion to dismiss rather than stay must be denied. However, as discussed below, the Court will not at the same time issue an order

13

compelling Aon and MSI to arbitrate their dispute because the AA's arbitration clause designates New Jersey as the appropriate venue, which is not within this Court's jurisdiction.

### III.   MSI's Cross-Motion to Compel Arbitration

Subsequent to Aon's motion to dismiss, MSI cross-moved to compel arbitration of Aon's lone cross-claim against it for contribution.  (ECF No. 162.)

#### A.   Legal Standard

"In deciding a motion to compel arbitration, courts apply a 'standard similar to that applicable for a motion for summary judgment.'" Doe, 453 F. Supp. 3d at 638 (quoting Starke v. SquareTrade, Inc., 913 F.3d 279, 281 n.1 (2d Cir. 2019)).  In doing so, the Court must consider "all relevant, admissible evidence submitted by the parties" and must draw "all reasonable inferences in favor of the non-moving party." Starke, 913 F.3d at 281 n.1 (citing Nicosia v. Amazon.com, Inc., 834 F.3d 220, 229 (2d Cir. 2016)).  "[W]here . . . the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability." Chartis Seguros Mexico, 967 F. Supp. 2d at 764 (brackets and ellipsis in original) (quoting ACE Capital Re Overseas Ltd. v. Central United Life Ins. Co., 307 F.3d 24, 29 (2d Cir. 2002)).

Section 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

9 U.S.C. § 4.

### B.  Discussion

Aon argues that MSI's motion to compel must be denied because the AA establishes New Jersey as the appropriate venue for any such arbitration between the parties.  Accordingly, Aon argues, the FAA prohibits this Court from granting MSI the relief it seeks because the statute requires that the parties be directed "to proceed to arbitration in accordance with the terms of the agreement," but also mandates that such arbitration "shall be within the district in which the petition . . . is filed"—i.e., the Southern District of New York, not New Jersey as the AA requires.  Further, and for the same reasons, Aon argues that MSI may not seek the reverse—i.e., an order compelling arbitration in New Jersey, which would be outside the district in which MSI filed its petition.  The Court agrees.

15

First, the Court is not persuaded by MSI's argument that the Court may compel arbitration in New York because both sides have submitted to the jurisdiction of New York. MSI cites Indian Harbor Ins. Co. v. Glob. Transp. Sys., Inc., 197 F. Supp. 2d 1 (S.D.N.Y. 2002), in support, but Indian Harbor is readily distinguishable from this case and, in fact, counsels against granting MSI's motion. In Indian Harbor, the plaintiff initiated the action in New York; the defendant then moved to compel arbitration in Puerto Rico (as was designated in the relevant arbitration clause); and the plaintiff then cross-moved for the arbitration to take place in New York—i.e., the district in which the petition for an order compelling arbitration was initially filed. See Indian Harbor, 197 F. Supp. 2d at 2, 3. That is not the case here, where MSI "initiated the action in New York to compel arbitration in New York, rather than in [the district designated in the parties' agreement], and . . . [Aon] opposed that motion." Id. at 3. "In such a situation," Judge Sweet wrote, "the 'interests of justice' . . . weigh against granting the motion to compel." Id.; see also Law Offices of Joseph L. Manson III v. Keiko Aoki, No. 19 Civ. 4392 (LTS), 2020 WL 767466, at *4 (S.D.N.Y. Jan. 3, 2020) ("[B]ecause the [agreement] provides that the parties' arbitration must occur in Washington, D.C., outside of the Southern District of New York, the Court cannot compel arbitration here and, therefore, cannot

16

grant Defendant's motion to compel."), reconsideration denied, No. 19 Civ. 4392 (LTS), 2020 WL 764125 (S.D.N.Y. Feb. 14, 2020).

Turning to whether the Court may compel arbitration in New Jersey, "[a]lthough the Second Circuit has not decided the question of whether Section 4 [of the FAA] precludes a district court from compelling arbitration outside of its district, persuasive decisions in this Circuit have routinely held that it does." Law Offices, 2020 WL 767466, at *4 (collecting cases). The Court agrees.  Accordingly, MSI's motion to compel arbitration of Aon's cross-claim is denied.

Notwithstanding the above, however, Aon itself has argued that "[t]he arbitration clause is broad in scope, applying to 'claims of every kind and nature, between Aon and MSI,' including contract and tort claims." (Aon's Mem. of L. at 3 (brackets omitted), ECF No. 161.)  Accordingly, although the Court will not compel arbitration of Aon's cross-claim against MSI, it may be "referable to arbitration," 9 U.S.C. § 3, and it is hereby stayed for the same reasons as MSI's cross-claims against Aon, supra Section II.  Therefore, the Court grants in part and denies in part both parties' motions and orders a stay of the trial of each's cross-claims.[2]  See 9 U.S.C. § 3 ("If any

---

[2] To be clear, the Court is not unilaterally ordering a stay, but rather, it is granting that portion of MSI's cross-motion. (MSI's Mem. of L. at 22 ("To the extent the Court does not find waiver, MSI requests that the Court grant MSI's cross-motion to stay all cross-

17

suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration . . . the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]"); see also Champion Auto Sales, LLC v. Polaris Sales Inc., 943 F. Supp. 2d 346, 356 (E.D.N.Y. 2013) (denying motion to compel but staying the action to allow the parties to arbitrate the arbitrable claims in Minnesota); DaPuzzo v. Globalvest Mgmt. Co., L.P., 263 F. Supp. 2d 714, 739 (S.D.N.Y. 2003) ("Where a federal court lacks authority pursuant to 9 U.S.C. § 4 to compel arbitration outside its district, the court may still determine that the dispute nonetheless remains 'referable to arbitration' elsewhere, if a forum is designated, and must then order a stay instead, thereby leaving the parties free to pursue their contractual rights and remedies in the appropriate venue."). The trial of all other claims in this action, for example, Pilkington's claims against Aon and MSI, shall proceed without interruption.

---

claims asserted between Aon and MSI pending arbitration."), ECF No. 163.)

### IV. Conclusion

For the reasons set forth above, Aon's motion to dismiss is GRANTED in part and DENIED in part; MSI's motion to compel arbitration is GRANTED in part and DENIED in part; and the litigation of both parties' cross-claims is STAYED to allow each to pursue their contractual rights and remedies in the appropriate venue.

The Clerk of Court is directed to terminate the motions docketed at ECF Nos. 160 and 162.

**SO ORDERED.**

Dated:   New York, New York
         ~~December~~    ~~2020~~
         January 5, 2021

                                    _John F. Keenan_
                                    John F. Keenan
                                    United States District Judge