

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILKINGTON NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA and AON RISK SERVICES CENTRAL, INC., <br><br> Defendants. | Case No. 1:18-cv-08152-JFK -KNF |

## [~~DRAFT~~] XXXXXX PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court governing disclosure and discovery, and in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to materials so entitled in this action, the Court enters this protective order (the "Protective Order" or "Order"). This Protective Order is binding on the current Parties and any person or entity that in the future becomes a Party in this Action, as well as their respective attorneys, agents, representatives, officers and employees, and others as set forth herein.

**I.     DEFINITIONS**

    1.    <u>Action</u>: The above-captioned action.

    2.    <u>Confidential Material</u>: Any Discovery Material that is designated as Confidential.

    3.    <u>Discovery Material</u>: All documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in

disclosures or responses to discovery in this Action. This includes any material produced, filed, or served by any Party or Non-Party during discovery in this Action, or any information included in any such material. This further includes all information contained in produced documents, including without limitation electronically stored information ("ESI") and metadata. Discovery Material may include, but is not limited to, deposition testimony and transcripts, written responses to interrogatories and requests for admission, and documents and tangible things produced by a Party or Non-Party (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise). Discovery Material produced, exchanged, or disclosed in this Action shall be used only for the purposes of this Action, and not for any other proceeding, or for any other business, competitive, personal, private, public, or other purpose.

4. <u>Highly Confidential Material</u>: Any Discovery Material that is designated as Highly Confidential.

5. <u>Non-Party</u>: Any natural person or entity that is not a Party.

6. <u>Party</u>: Any named party to the Action.

7. <u>Producing Party</u>: A Party or Non-Party that produces Discovery Material.

8. <u>Protected Material</u>: Any Discovery Material that is designated as Confidential or Highly Confidential.

9. <u>Receiving Party</u>: A Party or Non-Party that receives Discovery Material from a Producing Party.

II. **<u>CONFIDENTIALITY</u>**

1. <u>Confidentiality Designations</u>: Discovery Material may be designated by the Producing Party as either "Confidential" or "Highly Confidential." The Parties

2

shall make confidentiality designations in good faith to ensure that only those documents or information that merit Confidential or Highly Confidential treatment are so designated.

2. <u>Standard for Confidential Material</u>: Discovery Material that has not been made public by the Producing Party, and that the Producing Party reasonably and in good faith believes constitutes or contains nonpublic, proprietary, commercially sensitive, and/or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule of Civil Procedure 26(c) or other applicable statute, regulation, or law.

3. <u>Standard for Highly Confidential Material</u>: Discovery Material containing Confidential information that the Producing Party deems especially sensitive and for which the Producing Party believes it would face material liability or material financial or competitive injury or commercial disadvantage if persons allowed access to other Confidential information were allowed access to Highly Confidential information, including but not limited to (a) trade secrets of a Party or Non-Party; (b) non-public financial or other highly sensitive commercial information, including business or strategic plans and internal cost, budget, productivity, and revenue tracking reporting information; (c) an individual's family, financial, medical, or personnel records, or other highly-sensitive personal information, including "personal data"[1] within the meaning of the European

---

[1] "Personal data" consists of any and all data that concerns an identified person or a person who is identifiable with recourse to additional information available to the data controller (e.g., reference to an individual by his or her title or position with the company whose identity is specified in other available sources of information), or the equivalent under another applicable Privacy Regulation.

Union's General Data Protection Regulation ("GDPR"), to the extent applicable, or another applicable privacy law or regulation (each, a "Privacy Regulation"); or (d) any other confidential, competitive, or highly sensitive commercial information of a Party or Non-Party for which there is a legitimate reason to limit access to the persons entitled to have access pursuant to Paragraph II.8 of this Order.

4. Procedure for Confidentiality Designations:

   a. Designation: To designate Discovery Material as Confidential or Highly Confidential, the Producing Party must mark it or, in the case of deposition testimony or exhibits, may identify it on the record as such.

   b. Marking Documents: All or any part of a document, tangible object, discovery response, or pleading disclosed, produced, or filed by a Producing Party may be designated Confidential or Highly Confidential by marking the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or substantially equivalent language on the face of the document and each page so designated. With respect to tangible items or ESI produced in native format, the appropriate legend shall be marked on the face of the tangible item or media, in the file name of the electronic file containing ESI, if practicable, or by written notice to the Receiving Party at the time of disclosure, production, or filing that such tangible item or media is Confidential or Highly Confidential or contains such information.

   c. Marking Testimony: For testimony given in deposition or other pretrial proceedings, Parties and deponents may, on the record during the deposition or other proceeding, or at any other time within thirty (30) days after

4

receiving a final transcript of the deposition or other proceeding, designate the transcript or pages thereof (and exhibits thereto) as Confidential or Highly Confidential. Deposition testimony shall be treated as Highly Confidential pending the thirty (30) day deadline. A Party thereafter seeking to assert inadvertent failure to designate deposition testimony shall, absent agreement of the Parties, do so on motion to the Court and shall have the burden of showing grounds for relief.

d. <u>Inadvertent Failures to Designate</u>: Other than testimony subject to the inadvertent-failure-to-designate provisions of Paragraph II.4(c) of this Order, the inadvertent failure to designate particular Discovery Material as Confidential or Highly Confidential at the time of production shall not operate to waive a Party's or Non-Party's right to later designate such Discovery Material as Confidential or Highly Confidential. Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked Confidential or Highly Confidential in accordance with Paragraph II.4(b) of this Order. Thereafter, the Receiving Party must promptly return to the Producing Party or, at the Receiving Party's election, destroy the original Protected Material and all copies of the same and make no use of such Information. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. If the Discovery Material that was inadvertently not designated is, by the time of

5

the later designation, filed with a court on the public record, the Party or Non-Party that failed to make the designation shall bear the burden of moving for appropriate relief.

5. <u>Access to Confidential Material</u>: The Parties may disclose, summarize, describe, characterize, or otherwise communicate, in whole or in part, Confidential Material and/or any material reflecting Confidential Material to only the following persons and entities related to this Action:

   a. Any current or former officer, director, or employee of a Party whom in-house or outside counsel for the Party deems, in good faith, to have a need to know or see the Confidential Material for purposes of this Action;

   b. In-house counsel for the Parties;

   c. Outside counsel for the Parties, including their partners, associated attorneys, law clerks, paralegals and other personnel who are assisting such counsel in the preparation of this action for trial or other proceeding herein and have been advised by such counsel of their obligations hereunder;

   d. This Court, any appellate court(s) to which an appeal of this Action is taken, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony, argument, or at any deposition, hearing, trial or appeal in this Action;

   e. Any person designated by the Court upon such terms as the Court may deem proper;

f. Interpreters, translators, copy services, graphic support services, document imaging services, database or coding services, or other professional vendors retained by counsel;

g. Special masters and their staff;

h. Mediators and their staff;

i. Persons who prepared, received, or reviewed the Confidential Material prior to its production;

j. A witness in preparation for a deposition, evidentiary hearing, or trial who has a reasonable need to see the Confidential Material in order to prepare to provide testimony, provided such witness executes a certification in the form attached hereto as Appendix A;

k. Deponents and trial witnesses during a deposition, evidentiary hearing, or trial who have a reasonable need to see the Confidential Material in order to provide testimony, provided such witness executes a certification in the form attached hereto as Appendix A. A witness at a deposition, evidentiary hearing, or at trial may instead state on the record under oath that he or she agrees to be bound by this Order to the same extent as provided for in Appendix A;

l. Any expert or consultant, and his, her, or its staff, hired by a Party for litigation purposes who agrees to be bound by this Order and signs the certification attached hereto as Appendix A;

m. Any other persons or entities who become bound by this Order by signifying their assent through execution of the certification attached as Appendix A

7

    hereto, in each case, only as necessary to assist with or make decisions with respect to the Action, and only after he/she has signed a certification in the form provided as Appendix A hereto; and

  n. Other persons only by written consent of the Producing Party.

6. <u>Access to Highly Confidential Material</u>: The Parties may disclose, summarize, describe, characterize, or otherwise communicate, in whole or in part, Highly Confidential Material and/or any material reflecting Highly Confidential Material to only the following persons and entities related to this Action:

  a. Those persons identified in Paragraphs II.5(c) through (k), above;

  b. In-house litigation counsel or in-house counsel assisting in this litigation;

  c. A designated senior claims representative;

  d. Any expert or consultant, and his, her, or its staff, hired by a Party to prepare a written opinion, to prepare to testify, or to assist counsel in the Action, *provided that* such expert or consultant (i) is not a current director, officer, employee, management personnel, advisor and/or partner of any Party, (ii) is using said Discovery Material solely in connection with the Action, and (iii) agrees to be bound by this Order and signs the certification attached hereto as Appendix A; and

  e. Other persons only by written consent of the Producing Party.

7. <u>Use of Confidential or Highly Confidential Material</u>:

  a. <u>Restricted to This Proceeding</u>: All Discovery Material produced, or information derived therefrom, including but not limited to Confidential or Highly Confidential Material, shall be used solely for the purposes of the

Action and shall not be used for any other purpose. No Discovery Material will be used by the Receiving Party in any other litigation or other proceeding in this or any other jurisdiction.

b. <u>Filings</u>: Unless otherwise agreed by the Producing Party, any Party that files any document that constitutes or materially describes or relates Protected Material shall, in accordance with SDNY ECF Rules & Instructions Section 6, file the proposed sealed document under seal and, beforehand or concurrently, file a motion for leave to file the same under seal. ~~The Producing Party shall have the option, within fourteen (14) days of said filing, to provide a memorandum of law in further support of the motion for leave to file under seal.~~

c. <u>Depositions</u>: If a deposition witness is examined concerning Protected Material, the Producing Party shall have the right to exclude from the portion of the examination concerning such information any person not authorized in accordance with Paragraphs II.5 and II.6 above to have access to such material.

d. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must promptly (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) notify the Producing Party of the scope and nature of the unauthorized disclosure, including detailing the best efforts it has taken to retrieve all copies or obtain a certification of destruction of the Protected Material, (c)

9

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the certification attached hereto as Appendix A.

e. This Order shall not restrict any attorney who is a qualified recipient under the terms of the Order from rendering advice to his or her client that is a Party to this Action, and in the course thereof, from generally relying upon his or her examination of Protected Material. In rendering such advice, or in otherwise communicating with the client, the attorney shall not disclose the specific content of any Protected Material of another Party or Non-Party where such disclosure would not otherwise be permitted under the terms of this Order.

8. <u>Requests by a Third Party for Protected Material</u>: If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Protected Material (collectively, a "Demand") the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Producing Party. The notification must be in writing (by email, if possible), include a copy of the Demand, and be made as soon as reasonably practicable, in order to allow the Producing Party at least ten (10) days to take such protective steps as it deems appropriate, which steps, if any, the Producing Party

shall take at its own cost and expense. The Receiving Party also must promptly inform the party that caused the Demand to issue that some or all of the material covered by the Demand is the subject of the Order. Unless production is otherwise required by the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Producing Party (a) consents; (b) fails to file a timely motion to quash or to lodge an objection to the Demand, within 10 days of receipt of the aforementioned notification, with the entity that made the Demand, or in a proceeding in connection with which the Demand was made, which objection is sufficient to relieve or stay the obligation of the Receiving Party to comply with the Demand until the objection has been resolved; or (c) fails to notify the Receiving Party in writing that it may contest the production of the Protected Material prior to the date designated for production of the Protected Material. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring that any party to this Order subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, legislative body, or regulatory body.

9. <u>Return or Destruction of Protected Material</u>:

   a. Within ninety (90) days of the final disposition of this Action—including all appeals—all recipients of Protected Material must either return the Protected Material and all copies thereof to the Producing Party, or, at the Receiving Party's election, destroy such material and copies. Upon written

11

request by the Producing Party, the Receiving Party must certify the return or destruction of Protected Material by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, notes, or other forms of reproducing or capturing any of the Protected Material or the substance thereof in whole or in part. Notwithstanding this provision, the counsel of record for the Parties in this Action may retain archival copies of all pleadings, motion papers and exhibits, transcripts, expert reports, discovery responses, deposition exhibits, trial exhibits, legal memoranda, correspondence, or attorney work product generated or received in this Action, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

b. The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to document preservation obligations; or (iii) are otherwise required by law to be retained. Backup storage media need not be restored for purposes of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

III. **MISCELLANEOUS**

1. Limitations: Nothing contained herein shall operate as an admission by any Party as to the relevance or admissibility in evidence of any document or information revealed in the course of disclosure or discovery. Nothing contained herein shall

12

preclude any Party from opposing or seeking any discovery on any basis. Nothing in this Order shall prohibit or interfere with the ability of counsel for any Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or Non-Party or their affiliate(s) in connection with any other matter.

2. <u>Violations of the Protective Order</u>: In the event that any Party or Non-Party violates the terms of this Protective Order or threatens to violate the terms of this Protective Order, the aggrieved Producing Party may apply to the Court to obtain relief against any such Party or Non-Party violating or threatening to violate any of the terms of this Protective Order, including without limitation specific performance of their obligations herein. The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

3. <u>Security Precautions and Data Breaches</u>: A Receiving Party that learns of a breach of confidentiality affecting any documents or materials it received from a Producing Party must promptly notify the Producing Party of the scope and nature of that breach and make reasonable efforts to contain, mitigate, and remedy the breach.

4. <u>Trial</u>: This Protective Order shall not apply to Protected Material that is properly disclosed at the trial of this Action. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court. These issues may be taken up as a separate matter upon the motion of any of the Parties before trial consistent with any applicable case management order.

Notwithstanding the foregoing, this Order shall continue to apply after trial to all Protected Material not disclosed during the trial of this Action.

5. <u>Effectiveness Pending Entry by the Court:</u> The Parties agree to be bound by the terms of this [Draft] Protective Order pending the entry by the Court of this [Draft] Protective Order, and any violations of the terms herein shall be subject to the same sanctions as if this [Draft] Protective Order had been entered by the Court.

6. <u>Protective Order Remains in Force</u>: This Protective Order shall remain in force and effect until modified, superseded, or terminated by order of the Court. Unless otherwise ordered, or agreed upon by the Parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may, at any time, deem appropriate.

7. <u>Modification</u>: Nothing contained herein shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

IT IS SO ORDERED this __26__ day of __January__, 2021.

*Kevin Nathaniel Fox*
_____
HON. KEVIN N. FOX
UNITED STATES MAGISTRATE JUDGE

14

# APPENDIX A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PILKINGTON NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA and AON RISK SERVICES CENTRAL, INC., <br><br> Defendants. | Case No. 1:18-cv-08152-JFK |

### CERTIFICATION REGARDING PROTECTIVE ORDER

I hereby certify that I have read the Protective Order ("Order") entered in the above-captioned action and that I understand the terms thereof. I agree to be bound by the Order. If I receive documents or information designated as Confidential or Highly Confidential as those terms are defined in the Order, I understand that such information is provided to me pursuant to the terms and restrictions of the Order. I agree to hold in confidence and not further disclose or use for any purpose, other than as permitted by the Order, any information disclosed to me pursuant to the terms of the Order. I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Order and agree to accept service of process in connection with any proceedings related to enforcement of the Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

Name:_____

Street Address:_____

15

City, State, ZIP:_____

Telephone: _____

Facsimile:_____

Email Address:_____

Counsel for Third Party: _____

Signature:_____