UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
PILKINGTON NORTH AMERICA, INC.,    :
                                   :
          Plaintiff/               :
          Counterclaim Defendant,  :
                                   :
   -against-                       :
                                   :
MITSUI SUMITOMO INSURANCE COMPANY  :
OF AMERICA,                        :
                                   :
          Defendant/               :
          Counterclaimant,         :
                                   :
   and                             :
                                   :
AON RISK SERVICES CENTRAL, INC.,   :
                                   :
          Defendant.               :
                                   :
---------------------------------- X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____         │
│ DATE FILED: 03/02/2021 _____    │
└─────────────────────────────────┘
```

No. 18 Civ. 8152 (JFK)

**OPINION & ORDER**

APPEARANCES

FOR PLAINTIFF PILKINGTON NORTH AMERICA, INC.:
     Seth A. Tucker, Jad H. Khazem, COVINGTON & BURLING LLP

FOR DEFENDANT MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA:
     Brian E. O'Donnell, RIKER DANZIG SCHERER HYLAND & PERRETTI LLP

**JOHN F. KEENAN, United States District Judge**:

     Before the Court is a motion by Defendant Mitsui Sumitomo

Insurance Company of America ("MSI" or "MSI-US") for

reconsideration or clarification of the Court's November 10,

2020 Opinion & Order ("the November 10 Decision") which granted

Plaintiff Pilkington North America, Inc.'s ("Pilkington") motion

to dismiss MSI's counterclaims pursuant to Federal Rule of Civil

Procedure 12(b)(6).  For the reasons set forth below, MSI's

motion for reconsideration is DENIED.  MSI's request for
clarification, however, is GRANTED to the limited extent set
forth beginning on page ten of this Opinion & Order.

### I.  Background

The Court assumes familiarity with the factual allegations
relevant to MSI's instant motion as stated in the November 10
Decision, <u>Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of
Am.</u>, No. 18 Civ. 8152 (JFK), 2020 WL 6585702 (S.D.N.Y. Nov. 10,
2020) ("<u>Pilkington III</u>"), as well as the Court's October 30,
2019, and May 18, 2020, decisions resolving certain other
motions to dismiss, <u>Pilkington N. Am., Inc. v. Mitsui Sumitomo
Ins. Co. of Am.</u>, 420 F. Supp. 3d 123, 130–33 (S.D.N.Y. 2019);
<u>Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am.</u>, 460
F. Supp. 3d 481, 487–90 (S.D.N.Y. 2020).

To briefly summarize, this action arises out of an
approximately $60 to $100 million loss that Pilkington incurred
when a tornado ("the Tornado") struck its glass manufacturing
factory in Ottawa, Illinois on or around February 28, 2017.
Pilkington seeks compensation for the loss pursuant to a
commercial property and business interruption insurance policy
that was issued by MSI to NSG Holding USA II, Inc., a division
of Pilkington's parent company, Nippon Sheet Glass Company, Ltd.
("NSG", together with Pilkington and NSG's other subsidiaries,
"the NSG Group").  Pilkington alleges that MSI misrepresented

certain changes it proposed by means of a revision ("the Endorsement") to the prior year's insurance policy ("the U.S. Local Policy" or "the Policy") which MSI had issued to the NSG Group for the 2015-2016 policy period.  MSI proposed the changes to its co-defendant in this action, Aon Risk Services Central, Inc. ("Aon" or "Aon-US"), who served as Pilkington's insurance broker but failed to notify Pilkington that, in addition to changing certain currency valuations in the Policy, the Endorsement also revised the wording of a sublimit applicable to certain types of windstorms.  Aon failed to inform Pilkington that the Endorsement substantially reduced coverage for windstorms such as the Tornado.  The gravamen of this action centers on Pilkington's allegations that MSI misrepresented to Aon that the Endorsement only changed currency valuations, when in fact it also reduced the types of losses that MSI was obligated to indemnify; and on Aon's negligence in binding Pilkington to the terms of the Endorsement and carelessly incorporating the same terms into the following year's insurance policy, which was in effect when the Tornado struck.

### A.  MSI's Counterclaims and Pilkington's Motion to Dismiss

On June 15, 2020, MSI filed an amended answer ("MSI's Answer") which asserted two counterclaims against Pilkington for equitable estoppel and declaratory judgment.  MSI's Answer

requested the Court issue an order (1) declaring that
Pilkington's coverage for losses arising from a windstorm in the
United States is subject to a $15 million sublimit (the
declaratory judgment counterclaim); and (2) estopping Pilkington
from seeking any amounts over the $15 million that MSI has
already paid to Pilkington (the equitable estoppel
counterclaim).  (Am. Countercl. & Cross-Cl. ¶¶ 7, 77-90, ECF No.
116.)  As relevant here, MSI argued that its estoppel
counterclaim is permitted because Pilkington's broker, Aon,
falsely requested a $15 million windstorm sublimit ("the
Windstorm Sublimit") in Pilkington's market submission for the
2016-2017 U.S. Local Policy, and falsely represented that it had
"reconciled" MSI's quote for such coverage with "instructions"
from Aon's affiliate in the United Kingdom, Aon UK Limited
("Aon-UK").  (Id. ¶¶ 60-64.)  MSI alleged that the U.S. Local
Policy, under which Pilkington seeks compensation for the
Tornado, was issued as part of a comprehensive global risk
transfer program ("the Global Program") that was developed and
marketed by Aon-UK, and negotiated and agreed to at the parent
company level by NSG and MSI's parent, Mitsui Sumitomo Insurance
Company Ltd. ("MSI-Japan").  (Id. ¶¶ 3-4, 39.)  MSI argued that
Aon's representations constitute actionable false statements
because Pilkington now claims that it did not knowingly assent
to the $15 million Windstorm Sublimit.  (Id. ¶¶ 78-79.)

As relevant here, on August 28, 2020, Pilkington moved to
dismiss MSI's counterclaims on the grounds that MSI failed to
plausibly allege an equitable right to relief, and even if it
had, the doctrine of unclean hands precludes such relief. (ECF
Nos. 136, 137.)  MSI opposed Pilkington's motion; Pilkington
filed a reply; and the Court heard argument on the motion during
a teleconference on October 14, 2020, during which the Court
also heard argument on issues MSI and Pilkington raised in
letters each filed on October 9, 2020.  (ECF Nos. 140, 143, 151,
152, 170.)

### B.  The November 10 Decision

On November 10, 2020, the Court granted Pilkington's motion
to dismiss MSI's counterclaims.  (ECF No. 175.)  The Court
dismissed MSI's declaratory judgment counterclaim as redundant
because Pilkington's nearly identical and first-filed
declaratory judgment claim already provided a vehicle for the
Court to declare all relevant rights and obligations of the
parties with respect to the insurance policy in effect at the
time of the Tornado. See Pilkington III, 2020 WL 6585702, at *6.
Likewise, the Court dismissed MSI's equitable estoppel claim
because (1) MSI did not allege facts which give rise to an
inference that Aon's statements were false when made; (2) MSI
failed to plausibly allege injustice or unfair prejudice; and
(3) even if MSI plausibly alleged an estoppel claim, such

equitable relief would be precluded by the doctrine of unclean hands which bars equitable remedies where the party seeking such relief has committed some serious misconduct that is directly related to the subject matter in litigation. See id. at *5.

On January 19, 2021, MSI moved for reconsideration or clarification of the November 10 Decision's findings regarding falsity and unclean hands. (ECF Nos. 197, 198.) MSI's motion does not challenge the Court's findings regarding MSI's declaratory judgment counterclaim, nor the Court's determination that MSI's equitable estoppel counterclaim failed to plausibly allege injustice or unfair prejudice.

## II. Discussion

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The Second Circuit has made clear that motions for reconsideration are to be denied except where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Stagg P.C. v. U.S. Dep't of State, No. 15 Civ. 8468 (KPF), 2019 WL 1863418, at *1 (S.D.N.Y. Apr. 25,

2019) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257
(2d Cir. 1995)).  "Compelling reasons for granting a motion for
reconsideration are limited to 'an intervening change of
controlling law, the availability of new evidence, or the need
to correct a clear error or prevent manifest injustice.'" Id.
(quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956
F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration
is "not a vehicle for relitigating old issues, presenting the
case under new theories, securing a rehearing on the merits, or
otherwise taking 'a second bite at the apple.'" Analytical
Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir.
2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d
Cir. 1998)); see also Stone v. Theatrical Inv. Corp., 80 F.
Supp. 3d 505, 506 (S.D.N.Y. 2015) (explaining that a motion for
reconsideration is "neither an occasion for repeating old
arguments previously rejected nor an opportunity for making new
arguments that could have been previously advanced") (quotation
marks omitted).

     MSI's motion for reconsideration is without merit.
"Equitable estoppel is grounded on notions of fair dealing and
good conscience and is designed to aid the law in the
administration of justice where injustice would otherwise
result." In re Ionosphere Clubs, Inc., 85 F.3d 992, 999 (2d Cir.
1996).  "The doctrine of equitable estoppel is properly invoked

where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 725 (2d Cir. 2001).  Here, MSI does not object to the Court's determination that it failed to plausibly allege injustice or unfair prejudice, and MSI even avers that it is not seeking to revive its equitable estoppel counterclaim against Pilkington.  (MSI's Reply at 6, ECF No. 201.)  Accordingly, the Court need not expend scarce judicial resources reconsidering dismissal of MSI's deficient counterclaim, and it denies MSI's motion for reconsideration on these grounds alone. See Analytical Surveys, 684 F.3d at 52; Shrader, 70 F.3d at 257 (explaining "reconsideration will generally be denied" where the moving party does not point to matter "that might reasonably be expected to alter the conclusion reached by the court"); see also Zdanok v. Glidden Co., Durkee Famous Foods Div., 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").[1]

---

[1] As an important aside, the Court is troubled by MSI's assertion in the instant motion that the November 10 Decision overlooked the inference that Aon falsely represented its actual or apparent authority to apply for insurance with limited windstorm coverage because "[i]n particular, [MSI's Amended Counterclaims ("the ACC")] alleges that: Aon[] . . . advised Pilkington on the

In the alternative, MSI's motion seeks clarification
regarding the intended scope of the Court's falsity and unclean
hands findings because MSI is concerned about application of the
so-called "law of the case doctrine" and the impact the November
10 Decision may have on the viability of its negligent
misrepresentation claims against certain third parties and
whether the Court's findings will preclude MSI from raising

---

scope and terms of its insurance coverage," among other
allegations.  (MSI's Mem. of L. at 3, ECF No. 198 (citing ACC ¶¶
30-32).)  ACC paragraphs 30 through 32, however, do not allege
that Aon "advised Pilkington on the scope and terms of its
insurance coverage."  Rather, the paragraphs allege that Aon was
Pilkington's broker and agent, and "MSI[] typically provided all
information about the U.S. Local Policies to Pilkington[]'s
agent, Aon[]."  (ACC ¶¶ 30-32, ECF No. 116.)  None of these
paragraphs, nor any other in the ACC, allege anything about what
information or advice Aon did or did not provide to Pilkington
in connection with the market submission Aon prepared for the
2016-2017 U.S. Local Policy.  In fact, paragraphs 44 and 45
specifically allege that Aon prepares the market submissions
based on "instructions" provided by Aon-UK, not Pilkington.
(Id. ¶¶ 44-45.)  For MSI to now argue that the Court overlooked
a purported misrepresented-scope-of-authority inference that
MSI—the party with the affirmative duty of alleging plausibly
each element of its claims—never specifically raised until now,
strikes the Court as remarkable, especially where the
purportedly overlooked inference relies on allegations that do
not appear in MSI's pleading.  (See also MSI's Opp'n to
Pilkington's Mot. to Dismiss Countercls. at 3, ECF No. 140
(explaining that "MSI's estoppel counterclaim is based on
statements made by Aon-US in connection with the 2016 policy
renewal") (emphasis in original).)  Indeed, this appears to be
the second time that MSI has provided the Court with an
unreliable characterization of relevant factual allegations, see
Pilkington N. Am., Inc. v. Mitsui Sumitomo Ins. Co. of Am., 460
F. Supp. 3d 481, 488-89 n.1 (S.D.N.Y. 2020), to say nothing of
MSI's strained representation that "the ratification scenario"
is "described in the ACC," (MSI's Mem. of L. at 8, 10 n.3).  It
is not.

certain equitable defenses, such as waiver or ratification.
(MSI's Mem. of L. at 1, 11–12, ECF No. 198.)  Federal Rule of
Civil Procedure 60(a) allows a court to "correct a clerical
mistake or a mistake arising from oversight or omission whenever
one is found in a judgment, order, or other part of the record."
Fed. R. Civ. P. 60(a); see also In re Marc Rich & Co. A.G., 739
F.2d 834, 836–37 (2d Cir. 1984).  Accordingly, the rule "allows
a court to clarify a judgment in order to correct a failure to
memorialize part of its decision, to reflect the necessary
implications of the original order, to ensure that the court's
purpose is fully implemented, or to permit enforcement." Wallace
v. Grp. Long Term Disability Plan for Employees of TDAmertrade
Holding Corp., No. 13 Civ. 6759 (LGS), 2015 WL 4750763, at *1
(S.D.N.Y. Aug. 11, 2015) (quoting L.I. Head Start Child Dev.
Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.,
956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013)).

The November 10 Decision simply addressed whether MSI
plausibly alleged a right to relief from Pilkington—it did not
evaluate whether MSI plausibly alleges a right to relief from
other parties nor the propriety of any defenses MSI may intend
to invoke to avoid liability.  "The law of the case doctrine is
. . . discretionary and does not limit a court's power to
reconsider its own decisions prior to final judgment." Virgin
Atl. Airways, 956 F.2d at 1255 (citing Arizona v. California,

10

460 U.S. 605, 618, (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power.")).  Indeed, at the early stage of this litigation, which simply considers whether the parties' pleadings plausibly give rise to an entitlement to relief, the Court must and will be mindful of application of the law of the case as "the availability of new evidence[] or the need to correct a clear error or prevent manifest injustice," id., are foreseeable issues that may arise after the parties have had the benefit of discovery, cf. Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc., No. 10 Civ. 3314 (RWS), 2018 WL 2084168, at *3–5 (S.D.N.Y. May 1, 2018) (explaining "[t]he law-of-the-case doctrine is not a rigid rule but a discretionary doctrine that does not limit a district court's power").  Accordingly, the Court will continue to exercise its discretion in a fair and balanced manner, and the law of the case doctrine will not presumptively bind the Court's hands. See Degulis v. LXR Biotechnology, Inc., 928 F. Supp. 1301, 1309 (S.D.N.Y. 1996).

### III.  Conclusion

For the reasons set forth above, MSI's motion for reconsideration is DENIED.  MSI's request for clarification, however, is GRANTED to the extent provided above.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 197.

**SO ORDERED.**

Dated:  New York, New York
        March 2, 2021

John F. Keenan
United States District Judge