```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PILKINGTON NORTH AMERICA, INC.,         :

                        Plaintiff,      :

        -against-                       :           ORDER

MITSUI SUMITOMO INSURANCE               :       18-CV-8152 (JFK) (KNF)
COMPANY OF AMERICA and AON RISK
SERVICES, INC.,                         :

                        Defendants.     :
--------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      By a joint letter dated April 12, 2021: (a)

Pilkington [North America, Inc.] and Aon [Risk Services Central, Inc.] propose a Rule 502(d) order that provides that the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other proceeding -- with the caveat that the order shall not revive or restore any claim or privilege or work product protection that has been voluntarily waived prior to the entry of said order;

(b) "Pilkington and Aon . . . request that the Court enter a 502(d) order on the terms outlined above and grant leave to allow for further appropriate briefing on MSI's [Mitsui Sumitomo Insurance Company of America] privilege challenge if and when it becomes ripe"; (b) "MSI . . . submits that any Rule 502(d) order should be prospective in nature" and "should be limited to 'inadvertent' disclosures to, among other things, prevent Pilkington and Aon from continuing to engage in selective document exchanges between themselves to the exclusion of MSI"; and (c) "MSI also requests that this Court issue an order: i) requiring Pilkington and Aon to immediately produce a privilege log concerning all documents they have previously exchanged between

1

themselves during this litigation to MSI, and ii) abstain from any future selective exchanges of documents between themselves." Docket Entry No. 224.

The parties to the joint letter appear to seek by a letter-motion a protective order under Rule 502 of the Federal Rules of Evidence: (i) without submitting any proposed order: (ii) seemingly disagreeing on the purpose, scope and content of such an order; and (iii) without including third-party defendant Nippon Sheet Glass Co., Ltd.'s position on the matter. Moreover, MSI appears to seek relief beyond a protective order under Fed R. Evid. 502, without indicating whether it met and conferred with other parties or otherwise complying with the requirements of Rule 2A of the Court's Individual Rules of Practice.

On or before April 26, 2021, the parties are directed to meet and confer in good faith and via a videoconferencing platform to attempt to resolve any discovery issues without the Court's assistance. The Court will not entertain any request for a protective order without a formal motion that must comply with all applicable rules, including the Local Civil Rules of this court. Failure to comply with this order and the applicable rules may be subject to sanctions. The requests for relief contained in the April 12, 2021 letter, Docket Entry No. 224, are denied.

Dated: New York, New York
      April 18, 2021

SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE